# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

       Plaintiff,      :      Case No. 3:03-po-002
                                        also Case No. 3:08-cv-227

    -vs-                                Chief Magistrate Judge Michael R. Merz
                              :

THEODORE SOMERSET,

       Defendant.

## DISMISSAL ORDER

This case is before the Court for initial review of Defendant's Motion to Vacate under 28 U.S.C. § 2255. Upon examining the Motion and the docket in Case No. 3:03-po-002, the Court found from both of them that Defendant has a pending appeal before the United States Court of Appeals for the Sixth Circuit. That Court has held

> For substantially the same reasons expressed by the First Circuit in *United States v. Gordon*, 634 F.2d 638, 638-39 (1st Cir. 1980), we now adopt the rule espoused by multiple Circuits that HN3in the absence of extraordinary circumstances, a district court is precluded from considering a § 2255 application for relief during the pendency of the applicant's direct appeal. See *United States v. Davis,* 604 F.2d 474, 484 (7th Cir. 1979) ("Ordinarily a section 2255 action is improper during the pendency of an appeal from the conviction."); *Jack v. United States,* 435 F.2d 317, 318 (9th Cir. 1970) ("Except under most unusual circumstances, not here present, no defendant in a federal criminal prosecution is entitled to have a direct appeal and a § 2255 proceeding considered simultaneously in an effort to overturn the conviction and sentence."); *Welsh v. United States*, 404 F.2d 333 (5th Cir. 1968) ("A motion to vacate sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot."); *Masters v. Eide*, 353 F.2d 517, 518 (8th Cir. 1965) ("Ordinarily resort cannot be had to 28 U.S.C.A. § 2255 or habeas

> corpus while an appeal from conviction is pending."). An application under § 2255 is an extraordinary remedy and should not be considered a substitute for direct appeal. *Davis*, 604 F.2d at 484. Moreover, determination of the direct appeal may render collateral attack by way of a § 2255 application unnecessary. 604 F.2d at 484-485.

*Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998). *Capaldi* continues to be good law and was cited by the Sixth Circuit as recently as last year. *United States v. Ealy*, 2007 U.S. App. LEXIS 22944 (6th Cir.2007).

Because Defendant's direct appeal continues to be pending, it appeared that the instant Motion under § 2255 should be dismissed without prejudice pending that decision. Defendant was ordered to show cause not later than July 10, 2008, why the § 2255 Motion should not be dismissed on that basis and has failed to respond.

Accordingly, the pending § 2255 Motion is dismissed without prejudice to its renewal after the completion of direct appeal.

July 13, 2008.

s/ **Michael R. Merz**
Chief United States Magistrate Judge
